Case No. 22-56090

In the United States Court of Appeals
for the Ninth Circuit

———————————————

JUNIOR SPORTS MAGAZINES INC., et al.,
*Plaintiffs-Appellants*,

v.

ROB BONTA,
in his official capacity as Attorney General of the State of California,
*Defendant-Appellee.*

———————————————

On Appeal from the United States District Court
for the Central District of California
Case No. 2:22-cv-04663-CAS-JC

———————————————

**PLAINTIFFS-APPELLANTS' RESPONSE TO MOTION FOR EXTENSION TO FILE PETITION FOR PANEL REHEARING OR REHEARING EN BANC**

———————————————

| | |
|---|---|
| C.D. Michel | Donald Kilmer |
| Anna M. Barvir | Law Offices of Donald Kilmer, APC |
| MICHEL & ASSOCIATES, P.C. | 14085 Silver Ridge Rd. |
| 180 E. Ocean Blvd., Suite 200 | Caldwell, Idaho 83607 |
| Long Beach, CA 90802 | (408) 264-8489 |
| (562) 216-4444 | don@dklawoffice.com |
| cmichel@michellawyers.com | |

*Attorneys for Plaintiffs-Appellants*

September 29, 2023

## MOTION FOR INJUNCTION PENDING APPEAL

Under Rule 8(a)(2) of the Federal Rules of Appellate Procedure, Appellants move this Court for order granting injunctive relief pending appeal. Time is of the essence for the disposition of this motion for the reasons stated below.

As required by Rule(a)(2)(C), Appellees certify that they gave the State notice of this motion for injunctive relief. The State has confirmed that it will oppose this request. [See attached declaration.]

## STANDARD OF REVIEW

Rule 8(a)(1)(c) of the Federal Rules of Appellate Procedure gives this Court the authority to issue "an order suspending, modifying, restoring, or *granting* an injunction while an appeal is pending." The standard for relief under Rule 8 is the same as seeking temporary injunctive relief in the district court. That is, the movant must show (1) a likelihood of success on appeal, (2) that they will be irreparably harmed absent relief, (3) that the balance of hardships favors the movant, and (3) that an injunction is in the public interest. *Nken v. Holder*, 556 U.S. 418, __ (2009).

Though such relief is not given as of right and is generally awarded only "upon a clear showing that the plaintiff is entitled to such relief," *Tandon v. Newsom*, 992 F.3d 916, 917 (9th Cir. 2021) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 55 US. 7, 22 (2008)), this is indeed the exceptional case where Appellants have *already* established a

substantial likelihood of success before this Court—in fact, they have already succeeded before the three-judge panel—and shown that the equitable factors tip sharply in favor of the relief they seek. The Court should grant Appellants' motion.

## ARGUMENT

### I. APPELLANTS MEET THE CONDITIONS FOR RULE 8 RELIEF

#### A. Filing an Initial Motion for Relief in the District Court Would Have Been Both Impracticable and Futile

Rule 8 "ordinarily" requires that a party seeking an injunction pending appeal first move for such relief in the district court. If the moving party shows that "moving first in the district court would be impracticable," however, the party may request relief directly from this Court. Fed. R. App. Proc. 8(a)(2)(A).

To begin with, it would have been impracticable—if not impossible—for Appellants to first move for this relief in the district court because all proceedings before that court have been stayed pending the resolution of this appeal. Order Granting Stay of Proceedings Pending Appeal & Extending Deadline for Defendant to Respond to Complaint, *Jr. Sports Mags. v. Bonta*, No. 22-cv-04663 (Nov. 22, 2022) (ECF No. 39). Because this Court recently granted the State an extension to file a petition for rehearing or rehearing en banc, Order, Sept. 22, 2023, DktEntry: 43, this appeal is ongoing, and the district court proceedings remain stayed.

2

What's more, had Appellants sought injunctive relief (pending appeal) when this matter was first before this Court, applying to the district court for an injunction to reverse itself on an order it had just issued denying a preliminary injunction would have been both futile and frivolous. The district court had already given its reasons for denying the Appellants' motion for a preliminary injunction in its memorandum. *Jr. Sports Mags. Inc. v. Bonta*, 2022 U.S. Dist. LEXIS 193730 (Oct. 24, 2022).

The conditions required by Rule 8(a)(2)(A)(i)-(ii) before filing a motion for an injunction in this Court are thus satisfied.

### B. Injunctive Relief Is Necessary Because the Challenged Law Provides for Private Enforcement and Violates a Fundamental Right

California Business and Professions Code section 22949.80(e) provides:

> (1) Any person who violates any provision of this chapter shall be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General or by any district attorney, county counsel, or city attorney in any court of competent jurisdiction.
>
> (2) The court shall impose a civil penalty under paragraph (1) for each violation of this chapter. In assessing the amount of the civil penalty, the court shall consider any one or more of the relevant circumstances presented by any of the parties to the case, including, but not limited to, the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of the defendant's

misconduct, and the defendant's assets, liabilities, and net worth.

(3)   A person harmed by a violation of this section may commence a civil action to recover their actual damages.

(4)   The court shall also order injunctive relief, including a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for the conduct, as the court deems necessary to prevent the harm described in this section.

(5)   Upon a motion, a court shall award reasonable attorney's fees and costs, including expert witness fees and other litigation expenses, to a plaintiff who is a prevailing party in an action brought pursuant to this section.

(6)   Each copy or republication of marketing or advertising prohibited by this section shall be deemed a separate violation.

These enforcement provisions are punitively severe, and they may be imposed on Appellants (and those similarly situated) by any private actor seeking to show "harm" and recover damages, while also allowing these private actors to impose their own injunctive relief against Appellants' protected speech in California state courts. Cal. Bus. & Prof. Code § 22949.80(e)(3)-(6). Because of the adoption and immediate enforcement of section 22949.80 in June 2022, Appellants (and businesses across the country) immediately began to curtail all manner of speech that fell under the challenged law's extremely broad ban—reasonably fearing the draconian penalties that attach.

Having been wrongly denied preliminary injunctive relief in the district court, Appellants have had their First Amendment speech and

4

press rights unconstitutionally restricted for more than a year. And the gap in time between now and the final disposition of this appeal through any rehearing or rehearing en banc remains entirely uncertain.

Indeed, with the State's successful motion to extend its deadlines by 45 days, and the possibility that the court may call for additional briefing under Fed. R. App. P. 35(e), 40(a)(3), or Circuit Rule 35-2, the remedy this Court has already ordered, will be further and indefinitely delayed.[1] In the meantime, Appellants will continue to have their rights to free expression suppressed by California for an indeterminate period at the expense of their fundamental rights and liberties.

Until appropriate injunctive relief is entered by a court with jurisdiction over this matter, preventing every form of public or private enforcement, Appellants (and countless other firearm-industry members just like them) remain vulnerable to the threat of ruinous litigation, punitive civil penalties, and the intolerable chilling effect of section 22949.80.

This Court has already made all the necessary findings that Appellants are entitled to preliminary injunctive relief against this

---

[1] At this time, it is not even clear that California will file a petition for rehearing or rehearing en banc. The State's request for an extension contemplates that the Attorney General is still analyzing this Court's opinion and has not made up his mind whether "filing a petition for panel rehearing or rehearing en banc is warranted." Defs.'-Appellees' Mot. for Ext. of Time to File Petit. for Panel Rehearing or Rehearing En Banc at 2, Sept. 20, 2023, DktEntry: 40.

challenged law's enforcement. Courts should act when "[i]t is clear […] that First Amendment interests were either threatened or in fact being impaired at the time relief was sought. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 374 (1976) (citing *N.Y. Times Co. v. United States*, 403 U.S. 713 (1971)).

If the State had not sought a 45-day extension to file a petition for rehearing, the mandate in this case would have been issued next week. *See* Fed. R. App. Proc. 40(a)(1), 41(b). And once the case was docketed back with a trial court bound to continue its proceedings consistent with this Court's decision, Appellants would have an order in hand for the preliminary injunctive relief they are entitled to—that is, an order preventing enforcement of this unconstitutional law by *both* government actors *and* private actors. But because the State did seek an extension that was granted, Appellants will continue to have their rights violated until this appeal is resolved, whenever that may be.

## II. APPELLANTS MEET ALL FOUR REQUIREMENTS FOR INJUNCTIVE RELIEF PENDING APPEAL

Appellants plainly meet all of the factors for injunctive relief pending appeal. Indeed, an opinion on the merits has already been issued by this Court in this matter. *Jr. Sports Mags. Inc. v. Bonta*, ___ F. 4th ___, 2023 U.S. App. LEXIS 24254, *2 (Sept. 13, 2023). Appellants have already prevailed on the merits of this appeal, having shown that

California Business and Professions Code section 22949.80 is unconstitutional and that the district court's denial of a request for a preliminary injunction to stop its enforcement was reversible error. *Id.*

The Court has already held that the challenged law violates the First Amendment's commercial speech doctrine, *id.* at *4-8; while the concurring opinion found the law constitutes viewpoint-based censorship and would have stuck down the law under strict scrutiny on that basis, *id.* at *9 (VanDyke, J., concurring).

This Court also found that the preliminary injunction factors weighed in favor of the preliminary injunction relief Appellants were seeking in the district court and this Court remanded the case for further proceedings consistent with its opinion. *Id.* at *8.

## CONCLUSION

Appellants are entitled to injunctive relief pending appeal under Fed. R. App. P. 8. They have shown that section 22949.80 violates the First Amendment. They have established a likelihood of success on the merits and meet the remaining factors for issuance of the injunctive relief they sought but were denied in the district court.

This Court should grant Appellants that relief while this case remains indefinitely pending on appeal. *See Grote v. Sebelius*, 708 F.3d 850, 2013 U.S. App. LEXIS 2112 (7th Cir. 2013).

Respectfully submitted,

September 29, 2023    **MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.*

**LAW OFFICES OF DONALD KILMER, APC.**

s/ Donald Kilmer
Donald Kilmer
*Attorney for Plaintiff-Appellant Second Amendment Foundation*

# DECLARATION OF DONALD KILMER IN SUPPORT OF MOTION FOR INJUNCTION PENDING APPEAL

I, Donald Kilmer, declare:

1. I am attorney licensed to practice law in the State of California and before this Court. I am counsel of record in the above entitled matter, I have personal knowledge of the matters stated herein.

2. On September 18, 2023, Deputy Attorney General (DAG) Kevin Kelly contacted counsel for Plaintiff-Appellants to discuss an extension of time for his office to file a petition for rehearing and/or rehearing en banc.

3. On September 19, 2023, an email response to the request for extension was sent to DAG Kelly pointing out the procedural posture of the case (preliminary injunction denied in the trial court, reversed by the appellate court) and Plaintiff-Appellants invited his client to stipulate to a temporary restraining order until disposition of the contemplated petition. His client declined that invitation.

4. On September 20, 2023, Appellee Rob Bonta filed a motion for an extension of time to file a petition for rehearing and/or rehearing en banc. (DktEntry 40)

9

5. On September 20, 2023, Appellants Junior Sports Magazine, Inc., et al., filed a response, indicating that they would seek injunctive relief with this court in the event the extension was granted. (DktEntry 41)

6. On September 22, 2023, this Court granted the extension.

7. On September 29, 2023, an email was sent to email addresses for counsel for Rob Bonta, California Attorney General, Appellee, informing them that this motion would be filed forthwith.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Caldwell, Idaho, on September 29, 2023.

/s/ *Donald Kilmer*
Donald Kilmer, Attorney for Plaintiff-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, an electronic was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated: September 29, 2023       Respectfully submitted,

                                      s/ Donald Kilmer
                                      Donald Kilmer
                                      *Attorneys for Plaintiffs-Appellants*