No. 22-56090

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**JUNIOR SPORTS MAGAZINES, INC., ET AL.,**

                Plaintiffs-Appellants,

    v.

**ROB BONTA, ET AL.,**

                Defendants-Appellees.

On Appeal from the United States District Court
for the Central District of California

No. 2:22-cv-04663-CAS-JCx
Hon. Christina A. Snyder, Judge

**DEFENDANT-APPELLEE'S OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL**

                                                                                                 ROB BONTA
                                                                                                 Attorney General of California
                                                                                                 THOMAS S. PATTERSON
                                                                                                 Senior Assistant Attorney General
                                                                                                  MARK R. BECKINGTON
                                                                                                  Supervising Deputy Attorney General
                                                                                                  KEVIN J. KELLY
                                                                                                  Deputy Attorney General
                                                                                                  State Bar No. 337425
                                                                                            300 South Spring Street, Suite 1702
                                                                                            Los Angeles, CA 90013-1230
                                                                                            (213) 269-6615
                                                                                            kevin.kelly@doj.ca.gov
                                                                                    *Attorneys for Defendant-Appellee*
                                                                                      *Attorney General Rob Bonta*

### DEFENDANT-APPELLEE'S OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL

Defendant-Appellee Attorney General Rob Bonta respectfully submits this opposition to Plaintiffs-Appellants' Motion for Injunction Pending Appeal, Dkt. 44.

California Business & Professions Code section 22949.80 is a duly-enacted California statute that became effective over fifteen months ago. Plaintiffs-Appellants sought a preliminary injunction in the district court, but at no time sought a temporary restraining order. After the district court denied Plaintiffs-Appellants' motion, Plaintiffs-Appellants waited nearly one month before filing this appeal, which they did not seek to expedite. For the past ten months, proceedings in the district court have been stayed pursuant to Plaintiffs-Appellants' stipulation.

Three weeks ago, Plaintiffs-Appellants prevailed before a three-judge panel of this Court. *Junior Sports Magazines Inc. v. Bonta*, -- F.4th ---, No. 22-56090, 2023 WL 5945879, at *8 (9th Cir. Sept. 13, 2023). The panel reversed the district court's denial of a preliminary injunction and remanded for further proceedings consistent with its opinion. Defendant-Appellee then requested a modest 45-day extension of time, as authorized by this Court's rules, to evaluate whether to seek

rehearing en banc and, if appropriate, to file a petition for rehearing.[1] A week after the panel granted the requested extension, Plaintiffs-Appellants filed this request for the extraordinary remedy of an immediate and urgent injunction pending the final resolution of this appeal.

Plaintiffs-Appellants have not shown why the Court should disrupt the status quo at this stage. Section 22949.80 has remained an enforceable California statute throughout the pendency of this litigation thus far. The balance of the equities and the public interest do not support Plaintiffs-Appellants' abrupt demand for a reversal of the status quo. And Plaintiffs-Appellants have not established that they will suffer irreparable harm in the short period while the State is deciding whether to seek en banc relief and the potential period thereafter for the Court to consider and resolve such a petition. Plaintiffs-Appellants' motion for an injunction pending appeal should be denied.

## STANDARD FOR RELIEF

As the Supreme Court explained in *Winter v. Natural Resources Defense Council, Inc.*, "[a] preliminary injunction is an extraordinary remedy never awarded as of right. . . . In each case, courts must balance the competing claims of

---

[1] *See* Circuit Rule 31-2.2 (Extensions of Time for Filing Briefs); *see also* Fed. R. App. Proc. 40(a)(1) (specifying 14-day deadline to file rehearing petition, which may be extended by court order, and 45-day deadline that automatically applies if one of the parties is the United States or a federal entity).

injury and must consider the effect on each party of the granting or withholding of the requested relief." 555 U.S. 7, 24 (2008) (internal quotation omitted).

This Court has held that the "standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Arizona Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). For such a motion, the Court therefore considers, at minimum, "whether the moving party has demonstrated that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest." *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020) (citing *Winter*, 555 U.S. at 20).

An injunction pending appeal, however, unlike a stay of a court's decision, "does not simply suspend judicial alteration of the status quo but grants judicial intervention that has been withheld by lower courts." *Respect Maine PAC v. McKee*, 562 U.S. 996, 996 (2010) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers)). The Supreme Court has therefore held that a request for injunction pending appeal "demands a significantly higher justification than a request for a stay." *Respect Maine PAC*, 562 U.S. at 996 (internal quotation marks omitted); *accord South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J.,

concurring); *see also Agudath Israel of America v. Cuomo*, 980 F.3d 222, 226 (2d Cir. 2020) (applying *Respect Maine PAC*'s heightened standard to motion for injunction pending appeal in Free Exercise Clause challenge).

## ARGUMENT

I. **THE BALANCE OF EQUITIES AND PUBLIC INTEREST WEIGH AGAINST AN IMMEDIATE INJUNCTION**

An injunction against enforcement of section 22949.80 is not in the State's or the public's interest. The California Legislature, in its considered judgment, enacted the statute to protect its citizens from shootings involving minors and to advance its laws related to the minor's possession and purchase of firearms. *See* Assem. Bill No. 2571 (2021–2022 Reg. Sess.), § 1; *cf. United States v. Idaho*, -- F.4th ---, 2023 WL 6308107, at *5 (9th Cir. Sept. 28, 2023) ("'[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury'") (alterations in original). The public interest therefore does not favor any injunction against the statute's enforcement, particularly in advance of the final resolution of this appeal, which may involve further appellate proceedings.

The public interest and the equities also counsel against an injunction pending appeal because the parties should have the opportunity to litigate in the district court the appropriate and precise scope of any preliminary injunction. *See City & Cnty. of San Francisco v. Barr*, 965 F.3d 753, 765 (9th Cir. 2020) ("We have long

5

held that an injunction should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court" (internal quotation omitted)).  The appellate panel's decision, which remands the case to the district court for further proceedings and does not immediately issue a preliminary injunction, will allow the parties to address the practical details of appropriate relief below.  *Junior Sports Magazines Inc. v. Bonta*, -- F.4th ---, No. 22-56090, 2023 WL 5945879, at *8 (9th Cir. Sept. 13, 2023).  Plaintiffs-Appellants have not yet established, for example, whether *all* enforcement of section 22949.80 should be preliminarily enjoined, or whether there are some persons or applications for which the statute is properly enforceable pending a final decision on the merits.[2]  Nor have Plaintiffs-Appellants established which persons may be properly enjoined (*see, e.g.*, Cal. Bus. & Prof. Code § 22949.80(e)(1) (identifying various public officials, in addition to the Attorney General, who may enforce statute)).

II. **PLAINTIFFS WILL NOT SUFFER IRREPARABLE HARM IN THE ABSENCE OF AN IMMEDIATE INJUNCTION PENDING APPEAL**

Plaintiffs-Appellants assert that an immediate injunction against enforcement of section 22949.80 pending appeal is urgent, and that absent one they will suffer irreparable harm during the pendency of any further appellate proceedings.  Dkt.

---

[2] It is also unclear whether Plaintiff-Appellants' motion asks the Court to temporarily enjoin enforcement of section 22949.80 against only Plaintiffs, or others as well.

6

44 at 1, 4-7. Plaintiffs-Appellants' request was apparently prompted by the Court's September 22 order granting the State's motion to extend the time to file a potential rehearing petition by 45 days. Dkt. 44 at 6. But Plaintiffs-Appellants' conduct throughout this litigation has reflected that the need for injunctive relief is not so urgent that it must bypass the ordinary timeline to obtain a final judgment—and the 45 additional days for the State to decide whether to file a rehearing petition and, if necessary, file such a petition, are not material to that timeline.

For months, Plaintiffs-Appellants have accepted the status quo during the pendency of litigation. Section 22949.80 was initially enacted on June 30, 2022. Plaintiffs-Appellants filed suit on July 8, 2022, but did not seek a temporary restraining order. After the district court declined to grant a preliminary injunction on October 24, 2022, Plaintiffs-Appellants waited nearly one month, until November 21, 2022, before filing their appeal. ECF No. 37, *Junior Sports Magazines v. Bonta*, No. 2:22-cv-04663-CAS-JCx (C.D. Cal. Nov. 21, 2022). Plaintiffs-Appellants simultaneously stipulated with Attorney General Bonta to stay all pre-trial proceedings, including discovery, in the district court. ECF No. 38, *Junior Sports Magazines*, (Nov. 21, 2022). In the stipulation, Plaintiffs-Appellants agreed that "neither party will be harmed by the issuance of a stay—instead, granting a stay will *benefit* both parties." *Id.* at 1 (emphasis in original) (internal quotation omitted).

7

Plaintiffs-Appellants waited more than eleven months after the district court decision (and more than two weeks after the panel's decision on the merits), until September 29, 2023, before asking this Court for the extraordinary remedy of immediate injunctive relief. Dkt. No. 44. During that period, Plaintiffs-Appellants did not seek to expedite the briefing or hearing schedule in this appeal. *See* Circuit Rule 27-12. And, during briefing and oral argument, Plaintiffs-Appellants did not request a disposition that would include an immediate injunction, nor did they provide the panel with the information necessary to precisely define the scope of such an injunction. All of these decisions were consistent with a recognition that any equitable relief could await the final resolution of appellate proceedings concerning Plaintiffs' motion for preliminary injunction.

Finally, Plaintiffs-Appellants assert only one new argument supporting immediate relief that was not previously presented to the appellate panel, and that argument should carry no weight. They argue that an injunction pending appeal should issue to prevent "every form of public or private enforcement" of section 22949.80, pointing to the statute's provisions conferring causes of action on certain public officials and private individuals. Dkt. 44 at 3-4; *see also* Cal. Bus. & Prof. Code § 22949.80(e)(3). However, Attorney General Bonta is the only named Defendant in this action. And an injunction binds only the parties to the action, their "officers, agents, servants, employees, and attorneys," and those persons in

8

active concert or participation with them who receive actual notice of the injunction. Fed. R. Civ. Proc. 65(d)(2); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). Plaintiffs-Appellants therefore are not entitled to an injunction against any official or private individual that does not meet this definition, much less *all* such persons.

The balance of interests and asserted harm do not justify granting Plaintiffs-Appellants' motion for injunction pending appeal. The Court should therefore deny the motion.

Dated: October 4, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/ Kevin J. Kelly*

KEVIN J. KELLY
Deputy Attorney General
*Attorneys for Defendant-Appellee Attorney General Rob Bonta*

9