Case No. 22-56090

In the United States Court of Appeals
for the Ninth Circuit

---

JUNIOR SPORTS MAGAZINES INC., et al.,
*Plaintiffs-Appellants*,

v.

ROB BONTA,
in his official capacity as Attorney General of the State of California,
*Defendant-Appellee*.

---

On Appeal from the United States District Court
for the Central District of California
Case No. 2:22-cv-04663-CAS-JC

---

# PLAINTIFFS-APPELLANTS' REPLY TO OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL

---

| | |
|---|---|
| C.D. Michel | Donald Kilmer |
| Anna M. Barvir | Law Offices of Donald Kilmer, APC |
| MICHEL & ASSOCIATES, P.C. | 14085 Silver Ridge Rd. |
| 180 E. Ocean Blvd., Suite 200 | Caldwell, Idaho 83607 |
| Long Beach, CA 90802 | (408) 264-8489 |
| (562) 216-4444 | don@dklawoffice.com |
| cmichel@michellawyers.com | |

*Attorneys for Plaintiffs-Appellants*

October 6, 2023

1

## ARGUMENT

The State's response to Appellants' motion for injunction pending appeal is not only unpersuasive but its premise—that the Court should maintain the status quo—is completely upside down given the procedural posture of this case. This Court's opinion is not a suggestion, it is the new status quo on this point of law.

First, the government's citation to *Respect Maine PAC v. McKee,* 562 U.S. 996 (2010) is inapposite. Here is the full context of the pull quote cited by California from a two-paragraph opinion by the Supreme Court:

> [I]n *McComish v. Bennett*, 560 U.S. 961, 130 S. Ct. 3408, 177 L. Ed. 2d 320 (2010), which concerned a constitutional challenge to an Arizona law similar to the Maine law challenged by applicants here. *The McComish applicants, however, requested a stay of an appeals court decision*, *whereas applicants here are asking for an injunction against enforcement of a presumptively constitutional state legislative act.* Such a request "demands a significantly higher justification" than a request for a stay, because unlike a stay, an injunction "does not simply suspend judicial alteration of the status quo *but grants judicial intervention that has been* **withheld** *by lower courts.*" [citation] In light of these considerations, and given the difficulties in fashioning relief so close to the election, applicants' request for extraordinary relief is denied.

*Respect Maine*, 562 U.S. at 996 (citing *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U. S. 1312, 1313, (1986) (Scalia, J., in chambers) (double emphasis added).

2

The obvious distinction between this case and *Respect Maine* is that this Court granted—it has not withheld—the "judicial intervention" Appellants seek. *Jr. Sports Mags., Inc. v. Bonta*, No. 22-56090, 2023 U.S. App. LEXIS 24254, *8 (Sept. 13, 2023). This Court has already held that Appellants are likely to succeed on the merits of their claim that Business & Professions Code section 22949.80 violates the First Amendment and is therefore unenforceable. *Id.* Having already been litigated on appeal and found likely unconstitutional, California's minor marketing ban is no longer entitled to the presumption of constitutionality mentioned in *Respect Maine*. Nor is there any basis for "demand[ing] a significantly higher justification," *Respect Maine*, 562 U.S. at 996, to grant an injunction here because this Court has already held that the district court was wrong to deny injunctive relief. The issuance of the mandate is only being held up because the State wanted more time to decide whether to file a petition for rehearing or rehearing en banc. Defs.'-Appellees' Mot. for Ext. of Time to File Petit. for Panel Rehearing or Rehearing En Banc at 2, Sept. 20, 2023, ECF No. 40.

The posture of this case makes it much more like *McComish v. Bennett*, the Supreme Court case discussed and distinguished in *Respect Maine*. *See Respect Maine*, 562 U.S. at 996 (citing *McComish*, 560 U.S. 961). In *McComish*, the Supreme Court granted an application to vacate the stay of the district court's injunction against

3

the enforcement of Arizona's campaign finance laws pending appeal. 562 U.S. at 961. That is, the Supreme Court effectively allowed the injunction of a state law that had been found unconstitutional by at least one lower court to take effect pending the filing and consideration of a petition for writ of certiorari. *Id.* To be sure, the injunction effectively upset what had been, until that point, the status quo of enforcing the law. But such relief, even when it changes the status quo, is hardly inappropriate when a court finds that enforcement of that law is actively violating the First Amendment rights of Americans.

Next, the State's reliance on *South Bay United Pentecostal Church v. Newsom*, ___ U.S. ___, 140 S. Ct. 1613 (2020) offers no persuasive support for the State's position either. The *South Bay* matter dealt with a free exercise challenge to temporary restrictions on public gatherings adopted during the early days of the COVID-19 pandemic. *Id.* (Robers, J., concurring). The applicants sought—and had been denied—relief from both the district court and the Ninth Circuit, before asking the Supreme Court for emergency relief. *Id.*; *see S. Bay Unified Pentecostal Church v. Newsom*, 959 F.3d 938 (9th Cir. 2020) (denying injunction pending appeal); *S. Bay Unified Pentecostal Church v. Newsom*, No. 20-cv-865, 2020 WL 2529620 (S.D. Cal. May 18, 2020) (denying ex parte motion for injunction pending appeal). In a closely divided decision, the Court denied the request. *S. Bay*, 140 S. Ct. at 1613 (Justices Thomas, Alito, Gorsuch, and Kavanaugh dissented from the denial).

Justice Robert's concurrence reasoned that the Court should not exercise its authority to issue the injunction because it was not "indisputably clear" that California's restrictions violated the First Amendment. *S. Bay*, 140 S. Ct. at 1613 (Roberts, J., concurring). That is because "[t]he precise question of when restrictions on particular social activities should be lifted during the pandemic is a *dynamic and fact-intensive matter subject to reasonable disagreement*." *Id.* (emphasis added). Because the government was responding to a pandemic, an "area[] fraught with medical and scientific uncertainties," Justice Roberts noted that California had "especially broad" latitude to act without "second-guessing" by the judiciary. *Id.* at 1613-14. In short, *South Bay* was a unique case where "local officials [we]re actively shaping their response to changing facts on the ground." *Id.* at 1614.

This case is nothing like *South Bay*. It is not about the unique challenges posed by a global pandemic. There are no "dynamic" or rapidly "changing facts on the ground." The State has not reshaped its response to whatever prompted it to adopt section 22949.80 since the law was amended over a year ago. And, most importantly, Appellants were not already denied the injunctive relief they now seek by *both* the district court and the Ninth Circuit. This Court reversed the district court on the substantive law and ruled in Appellants' favor on the remaining injunctive relief factors. *Jr. Sports Mags.*, 2023 U.S. App. LEXIS 24277.

5

Finally, contrary to the State's claims, the record before this Court does not reflect any lack of diligence by Appellants in bringing their claims swiftly to this Court. On the contrary, Appellants' conduct from the very start of this litigation aligns with their position that they need immediate injunctive relief to prevent extraordinary irreparable harm under the challenged law.

Recall, it was the State that passed this law as urgency legislation taking effect upon the governor's approval. 3-ER-452-55. Appellants wasted no time filing a lawsuit, 5-ER-1007-13, and they promptly moved for preliminary injunction, AOB 9-10. Noting the irreparable harm being inflicted on them by the immediate enforcement of the law, Appellants moved to shorten the time to hear their motion for preliminary injunction. Plaintiffs' Ex Parte Application for Order Shortening Time for Hearing on Plaintiffs' Motion for Preliminary Injunction, No. 22-cv-4663, *Jr. Sports Mags., Inc., v. Bonta* (July 20, 2022) (ECF No. 13). They objected to the State's attempts to delay the district court's consideration of their preliminary injunction motion. Plaintiffs' Sur-Reply in Support of Motion for Preliminary Injunction at 3, No. 22-cv-4663, *Jr. Sports Mags., Inc.* (Aug. 19, 2022) (ECF No. 26). And they even filed an emergency writ petition in this Court after the government pulled the stunt of amending its law while Appellants' motion for preliminary injunction was already pending. Emergency Petition for Writ of Mandamus 3, *Jr. Sports Mags. v. Bonta*, No. 22-

6

70185 (9th Cir. 2022) (ECF No. 1-2).[1] What's more, unlike the State, Appellants requested no extensions of time on appeal—their opening brief was filed 28 days after they filed the Notice of Appeal, 2-ER-55-60, and just 56 days after the district court entered its order denying injunctive relief, 1-ER-2-52.

In short, if there was any delay at all, it was the State's suspiciously timed amendment process and repeated requests for more time—not any failure to act on the part of the Appellants.

## CONCLUSION

The State seems confused by the procedural posture of this case. Maybe the Appellants should have titled their motion as a request for relief "post-appeal" rather than "pending appeal" to sharpen the focus. The only reason this motion is necessary is because California is once again seeking to perpetuate rank censorship and delay a just remedy under the First Amendment.

Appellants have already shown that section 22949.80 violates the First Amendment. They have established a likelihood of success on the merits and meet the remaining factors for issuance of an injunction pending (or post-) appeal. This Court should grant that injunctive relief while this case remains pending in the Court of Appeals.

---

[1] For a fuller discussion of the procedural history of this case, including Appellants' efforts to have their claims heard and an injunction issued without delay, see pages 9-10 of Appellants' Opening Brief.

|  |  |
|---|---|
|  | Respectfully submitted, |
| October 6, 2023 | **MICHEL & ASSOCIATES, P.C.** |
|  | s/ Anna M. Barvir <br> Anna M. Barvir <br> *Attorneys for Plaintiffs-Appellants Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.* |
|  | **LAW OFFICES OF DONALD KILMER, APC.** |
|  | s/ Donald Kilmer <br> Donald Kilmer <br> *Attorney for Plaintiff-Appellant Second Amendment Foundation* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, an electronic was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated: October 6, 2023　　　　　Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*