Case No. 22-56090

In the United States Court of Appeals
for the Ninth Circuit

JUNIOR SPORTS MAGAZINES INC., et al.,
*Plaintiffs-Appellants,*

v.

ROB BONTA,
in his official capacity as Attorney General of the State of California,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
Case No. 2:22-cv-04663-CAS-JC

**APPELLANTS' RESPONSE TO APPELLEE'S PETITION
FOR REHEARING EN BANC (Fed. R. App. 35)**

C.D. Michel
Anna M. Barvir
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
(562) 216-4444
cmichel@michellawyers.com

Donald Kilmer
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Rd.
Caldwell, Idaho 83607
(408) 264-8489
don@dklawoffice.com

*Attorneys for Plaintiffs-Appellants*

December 22, 2023

# TABLE OF CONTENTS

**Page**

Table of Contents ............................................................................... i

Table of Authorities .......................................................................... ii

Introduction ...................................................................................... 1

Background ....................................................................................... 1

Argument .......................................................................................... 3

I.    The Panel's Decision Does Not Conflict with *Central Hudson* or Its Progeny .... 3

    A.    AB 2751 Does Not Directly Advance California's Interests ..................... 5

    B.    AB 2571 Is Not Narrowly Drawn to Advance California's Interests ....... 9

II.    En Banc Review Is Not Necessary to Address a Question of "Exceptional Importance" ............................................................................................... 11

Conclusion ........................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Baker v. Pataki,*
    85 F.3d 919 (2d Cir. 1996) ........................................................................ 11

*Bd. of Trs. v. Fox,*
    492 U.S. 469 (1989) .................................................................................. 10

*Brandenburg v. Ohio,*
    395 U.S. 444 (1969) .................................................................................... 7

*Brown v. Ent. Merchants Ass'n,*
    564 U.S. 786 (2011) .................................................................................. 10

*Burson v. Freeman,*
    504 U.S. 191 (1992) .................................................................................... 9

*Carey v. Pop. Services Int'l,*
    431 U.S. 678 (1977) .................................................................................... 6

*Central Hudson Gas & Electric Corp. v. Pub. Serv. Comm'n of N.Y.,*
    447 U.S. 557 (1980) ..........................................................................passim

*Cleburne v. Cleburne Living Ctr., Inc.,*
    473 U.S. 432 (1985) .................................................................................... 7

*Coyote Publ'g, Inc. v. Miller,*
    598 F.3d 592 (9th Cir. 2010) ....................................................................... 9

*Disc. Tobacco City & Lottery, Inc., v. United States,*
    674 F.3d 509 (6th Cir. 2012) ....................................................................... 4

*Duncan v. Bonta,*
    2023 U.S. App. LEXIS 25723 (9th Cir. 2023) .......................................... 14

*Edenfield v. Fane,*
    507 U.S. 761 (1993) .................................................................................... 6

*Erznoznik v. City of Jacksonville,*
    422 U.S. 205 (1975) .................................................................................... 9

*Greater New Orleans Broad. Ass'n v. United States,*
    528 U.S. 173 (1999) .................................................................................... 5

*Landell v. Sorrell*,
406 F.3d 159 (2d Cir. 2005) .................................................................. 11

*Lorillard Tobacco Co. v. Reilly*,
533 U.S. 525 (2001) ........................................................................ 9, 10

*McDonald v. City of Chicago*,
561 U.S. 742 (2010) ............................................................................. 7

*Nat'l Federation of Indep. Bus. v. Sebelius*,
567 U.S. 519 (2012) ............................................................................. 8

*Ohralik v. Ohio State Bar Ass'n*,
436 U.S. 447 (1978) ........................................................................... 13

*Pittsburgh Press Co. v. Human Rels. Comm'n*,
413 U.S. 376 (1973) ............................................................................. 7

*Retail Digital Network, LLC v. Prieto*,
861 F.3d 839 (9th Cir. 2017) ............................................................... 4

*Romer v. Evans*,
517 U.S. 620 (1996) ............................................................................. 7

*Silveira v. Lockyer*,
328 F.3d 567 (9th Cir. 2003) ............................................................. 14

*Silvester v. Becerra*,
138 S. Ct. 945 (2018) ......................................................................... 14

*Sorrell v. IMS Health Inc.*,
564 U.S. 552 (2011) ............................................................... 2, 4, 5, 13

*Tracy Rifle & Pistol LLC v. Harris*,
339 F. Supp. 3d 1007 (E.D. Cal. 2018) ................................................ 6

*Va. Pharm. Bd. v. Va. Citizens Consumer Council, Inc.*,
425 U.S. 748 (1976) ............................................................................. 7

*Wash. Mercantile Ass'n v. Williams*,
733 F.2d 687 (9th Cir. 1984) ............................................................. 11

**Statutes**

Cal. Bus. & Prof. Code § 22949.80 ............................................... 1, 2, 6

Cal. Penal Code § 27505 ..................................................................... 13

Cal. Penal Code § 27510 ..................................................................... 13

Cal. Penal Code § 27590 ..................................................................... 13

Cal. Penal Code § 28050 ..................................................................... 13

Cal. Penal Code §§ 28700-28715 ........................................................ 13

U.S.C. § 922 ........................................................................................ 13

**Rules**

Fed. R. App. P. 35 ........................................................................ 1, 3, 12

**Constitutional Provisions**

U.S. Const., amend. I ................................................................ 1, 3, 14, 15

U.S. Const., amend. XIV ...................................................................... 7

**Other Authorities**

Assem. Bill 160, 2021-2022 Reg. Sess. (Cal. 2022) ............................... 1

Assem. Bill 2571, 2021-2022 Reg. Sess. (Cal. 2022) ..................... passim

# INTRODUCTION

The Court should deny the State's petition for rehearing en banc. The three-judge panel's decision is well-reasoned and consistent with the First Amendment precedents of the Ninth Circuit and the Supreme Court. The petition, on the other hand, fails out of the gate. It does not begin with the required statement under Rule 35(b)(1)(A) or (B). Instead, it begins with a superficial synopsis of the case of *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980), and conflates mere disagreement with how the panel applied that case with the conflict of precedent contemplated by Rule 35. And it mocks the "exceptional importance" criteria by simultaneously invoking a spectral "scourge" of youth gun violence—somehow caused by minors obtaining firearms in already illegal transactions, which was somehow inspired by an advertisement published by firearm industry members—and then (with a straight face) arguing that California is exempt from producing evidence of this "scourge." The State provides no legitimate basis for en banc review, and this Court should deny the petition.

# BACKGROUND

In June 2022, California passed Assembly Bill 2571. 3-ER-452-55. The bill added section 22949.80 to the California Business & Professions Code, and it took effect immediately. 3-ER-452. Months later, the legislature adopted Assembly Bill 160 in a (fruitless) attempt to address the constitutional infirmities of AB 2571 and void this lawsuit. 2-ER-93-96, 223, 233.[1] As amended, the law prohibits "firearm industry members" from distributing any "communication" "in exchange for monetary

---

[1] Appellants refer to §22949.80, as adopted and amended, as "AB 2571."

compensation" if the speech (1) "offers" or "promotes" a "firearm-related product," (2) is designed, intended, or *could reasonably be considered* "attractive to minors," and (3) seeks to encourage the audience to "engage in a commercial transaction." Cal. Bus. & Prof. Code §22949.80(a)(1), (c)(6). In short, the law bars "firearm industry members," and only "firearm industry members," from distributing to the public—*including both adults and children*—information about lawful firearm-related products that they might wish to use for lawful activities.

Plaintiffs-Appellants—including a youth magazine publisher and youth shooting organizations—challenged AB 2571 because it violates the First Amendment rights to free speech, press, and association, as well as the right to equal protection. 5-ER-1007-13. Appellants soon moved for a preliminary injunction. The district court denied the motion, holding that Appellants were not likely to succeed on the merits of their claims. Applying commercial speech doctrine, the court held that the State has a substantial interest in effectuating its restriction on firearm sales to minors. 1-ER-28. And, likening AB 2571 to restrictions on advertising tobacco products to youth, the district court held that "by restricting advertising of firearm-related products designed to appeal to minors, AB 2571 directly and materially advance[s]" that interest. 1-ER-38. 1-ER-2, 52.

A unanimous three-judge panel reversed. Maj.Op.6. While a two-judge majority opted not to analyze whether AB 2571 is content- and viewpoint-based, it held that "'the outcome [would be] the same whether a special commercial speech inquiry or a stricter form of judicial scrutiny is applied.'" Maj.Op.10 (quoting *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 571 (2011)). So the panel decided the case under the commercial

speech doctrine from *Central Hudson* while also relying on subsequent cases clarifying how to apply the doctrine when viewpoint discrimination is at issue.

The panel held that the speech that AB 2571 regulates concerns lawful activities and is not misleading. Maj.Op.11-13. While the panel recognized the government's abstract interests to be substantial, Maj.Op.13, it held that the law offends the First Amendment because (a) it does not directly or materially advance the State's purported interest, Maj.Op.13-18, and (b) is more extensive than necessary to serve it, Maj.Op.18-20. Having decided that Junior Sports is likely to succeed on the merits of its commercial speech claim, the panel deemed the freedom of association and equal protection claims moot. Maj.Op.20, n.3.

Judge VanDyke concurred in the decision. But observing that Ninth Circuit precedent "is ambiguous about whether viewpoint-discriminatory laws that regulate commercial speech are subject to strict scrutiny," Conc.Op.21, his concurrence goes beyond *Central Hudson*'s more conventional approach. In a robust analysis, Judge VanDyke declares that AB 2571 is an unambiguously viewpoint-based law. Conc.Op.22-26. And he noted that the Supreme Court has treated viewpoint censorship—even under *Central Hudson*—with a bit more skepticism than California argues for. Conc.Op.26-30.

## ARGUMENT

## I. THE PANEL'S DECISION DOES NOT CONFLICT WITH *CENTRAL HUDSON* OR ITS PROGENY

Rule 35(b)(1)(A) requires a declarative statement that "the panel decision *conflicts* with a decision of the United States Supreme Court or of the court to which

3

the petition is addressed (with citation to the conflicting case or cases)." (Emphasis added). But *Central Hudson* is the only case the State cites in that section of the petition; there are no controlling cases cited from the Ninth Circuit. If the rule is to be followed, the petition must definitively show how the panel's decision *conflicts* with *Central Hudson*. It does not. Instead, the State implicitly concedes that AB 2571 regulates speech that is both truthful and concerns lawful activity but argues that the panel misapplied the third (directly and materially advances the State's interest) and fourth (regulation is no more extensive than necessary) prongs of *Central Hudson*. The State cites several cases claiming to follow *Central Hudson* in other contexts—most of which were already distinguished by the panel's opinion—but the State fails to show how the panel's decision **c**onflicts with *Central Hudson*.

The petition also fails to cite a single controlling commercial speech case that has been decided after *Sorrell*, a case that clarified (without abrogating) the rule of *Central Hudson* that applies in viewpoint-discriminatory laws in commercial speech cases.[2] Both the majority opinion and the concurrence address the status of *Sorrell* in this circuit and both distinguish between *Sorrell*—which addresses viewpoint discrimination within the bounds of *Central Hudson*—and this Circuit's decision in *Retail Digital Network, LLC v. Prieto*, 861 F.3d 839 (9th Cir. 2017)(en banc)—which addresses content-based laws under *Central Hudson*. Maj.Op.10, n.1; Conc.Op.31-32. The concurrence also persuasively explains why viewpoint discrimination is a different and especially egregious form of censorship. Conc.Op.28, n.1.

---

[2] The State cites one post-*Sorrell* case of merely persuasive authority. Pet.12 (citing *Disc. Tobacco City & Lottery, Inc., v. United States*, 674 F.3d 509 (6th Cir. 2012)). The panel decision distinguished that case. Maj.Op.16, n.2.

But as the panel opinion explains, choosing between some kind of hybrid commercial speech scrutiny and a standard *Central Hudson* analysis is a false choice. This is because *Sorrell* is itself part of the *Central Hudson* canon. The panel took seriously its duty to take viewpoint discrimination into account when applying the third and fourth prongs of the *Central Hudson* tests—while the State studiously avoids any mention of the Supreme Court's treatment of viewpoint discrimination in the commercial speech context.[3] California's failure to address how *Sorrell* is part of the *Central Hudson* analysis, or to refute *Sorrell* with conflicting and controlling legal authority also dooms its petition.

### A. AB 2751 Does Not Directly Advance California's Interests

The State does not challenge the panel's finding that AB 2571 restricts speech that is truthful and concerns lawful activity. Nor does it challenge the panel's holding that the purported interests in preventing *unlawful* possession of firearms by minors and protecting citizens from gun violence are substantial. But *Central Hudson* is not a two-prong test. The government cannot just mention "children and guns" in the same breadth to make an *ipse dixit* argument that commercial speech about firearms that might (somehow) be attractive to minors can be censored if that speech is uttered or published by "firearm industry members." Pet.9-14. *Central Hudson* requires the government to show "that the speech restriction *directly and materially* advances the asserted governmental interest[s]." *Greater New Orleans Broad. Ass'n v. United States*, 528 U.S. 173, 188 (1999)(emphasis added).

---

[3] The panel opinion cites *Sorrell* 16 times, but *Sorrell* is completely absent from the State's petition.

"'This burden requires more than 'mere speculation or conjecture; rather, a governmental body seeking to restrain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree.'" *Tracy Rifle & Pistol LLC v. Harris*, 339 F. Supp. 3d 1007, 1013 (E.D. Cal. 2018)(quoting *Edenfield v. Fane*, 507 U.S. 761, 770-71 (1993)). But California cannot even seem to make up its mind if AB 2571 is designed to address unlawful sales to minors (which is already prohibited), possession and use by minors (which are legal under adult supervision, Pet.3), or actual violence caused by illegal sales to minors. And on this last point, California wants to be relieved of its duty under *Central Hudson* "to mount an empirical defense" of this hypothesis. Pet.13.

But the petition really goes off the rails when the State admits that AB 2571's real purpose is to suppress demand in the marketplace for a product it admits is legal for minors to use. Pet.9-14. This suppression of demand is to be accomplished by the suppression of the viewpoint that minors should be knowledgeable about the products designed for their lawful use in shooting sports. Furthermore, California wants to suppress truthful information about products intended to be used in a lawful activity—but *only* if that information is published by "firearm industry members." Cal. Bus. & Prof. Code § 22949.80(a)(1), (c)(4). That would be like permitting minors to make their own decisions about reproductive health but forbidding them to have information about how to use such products, the brands available, or the side effects of such products. In *Carey v. Population Services International*, 431 U.S. 678, 700-02 (1977), the Supreme Court struck down a state law that prohibited the advertisement of contraceptives to everyone and prohibited both the advertisement and the sale of

such products to minors. The *Carey* Court held that the government cannot "suppress the dissemination of concededly truthful information about entirely lawful activity," even when that information could be categorized as "commercial speech." *Id.* at 700 (quoting *Va. Pharm. Bd. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 773 (1976)). "As for the possible 'legitimation' of illicit … behavior," the Court observed that:

> [W]hatever might be the case if the advertisements directly incited illicit … activity among the young, none of the advertisements in this record can even remotely be characterized as 'directed to inciting or producing imminent lawless action and… likely to incite or produce such action.' *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969). **They merely state the availability of products and services that are not only entirely legal**, *cf. Pittsburgh Press Co. v. Human Relations Comm'n*, 413 U.S. 376 (1973), **but constitutionally protected**."

*Id.* 701-02 (emphasis added). This kind of cognitive dissonance cannot even meet a heightened form of rational basis review. *See generally*, *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432 (1985); *Romer v. Evans*, 517 U.S. 620 (1996).

One further related point deserves analysis. None of the cases the State relies on for the proposition that squelching demand is a legitimate government purpose involve government action to undermine demand for the future exercise of a core civil right. The State's authorities run the gamut of laws discouraging prostitution, tobacco use, alcohol use, and houseware sale parties. But not one of these activities falls under the protection of the Bill of Rights or the Fourteenth Amendment's personal liberty guarantees. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010).

California's own viewpoint is transparent. It wants to kill the demand of adults to exercise their Second Amendment rights in the future by discouraging minors from enjoying the shooting sports now. *See* Conc.Op.21-26. No court would tolerate a law

designed to discourage or dampen future demand of products that would help someone exercise their right to vote, sit on a jury, or hold public office—even if the demand were stimulated before their eligibility to exercise those rights. The Supreme Court has included the right to bear arms as a "civil right" and equates it with the right to vote. *Nat'l Federation of Indep. Bus. v. Sebelius*, 567 U.S. 519, 573 (2012)(noting that a criminal conviction can result in the deprivation of otherwise protected civil rights, including the right to bear arms or vote in elections).

The State concedes that it has produced no evidence that it is experiencing a "scourge" of illegal gun sales to minors or that marketing to any demographic by any "firearm industry member" leads to violence committed by minors illegally buying firearms. Pet.9-11. The petition argues instead that California may rely on consensus, inferential reasoning, and common sense as a substitute for evidence to carry their burden under the intermediate scrutiny test found in *Central Hudson*. Pet.10. The State essentially asks to be relieved of any level of judicial scrutiny the First Amendment commands—even for commercial speech. It is not the panel opinion that conflicts with the precedents of the Supreme Court or this circuit. It is the State's desire to censor lawful, truthful speech by and to adults (just because it might be attractive to minors) that conflicts with those authorities.

Yet California asks for the extraordinary intercession of en banc review to repeat the same arguments that were already (correctly) rejected by the three-judge panel. Indeed, of the cases cited in Section I of its petition, California cites just two cases it did not already cite in its Answering Brief—and those two cases were already analyzed in the panel decision. *Compare* Pet.9-14 (citing *Burson v. Freeman*, 504 U.S. 191

(1992); *Coyote Publ'g, Inc. v. Miller,* 598 F.3d 592 (9th Cir. 2010)), *with* Maj.Op.15-16. The panel's rejection of California's argument that "no evidence is necessary" under *Central Hudson* to determine whether AB 2571 advances California's asserted interest thus remains the best rebuttal to the petition on this point. Maj.Op.14-18. The State's petition, which simply rehashes the same arguments, presents a mere disagreement with the panel's opinion. It is not the identification of a conflict with precedent. Nor is it an appropriate basis for en banc review.

### B. AB 2571 Is Not Narrowly Drawn to Advance California's Interests

The petition fares no better in trying to establish a conflict of precedent on the overbreadth issue. The final prong of *Central Hudson* requires the State to show that its speech restriction "is no more extensive than necessary to further" its purported interests. 447 U.S. at 569-70. Even commercial speech restrictions purportedly aimed at protecting minors must be narrowly drawn to achieving an asserted state interest. *See, e.g.*, *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 565-66 (2001)(striking restrictions on tobacco marketing likely to be observed by children). Indeed, "minors are entitled to a significant measure of First Amendment protection, and only in relatively narrow and well-defined circumstances may the government bar public dissemination of protected materials to them." *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 212-13 (1975). So even if AB 2571 did directly advance some substantial interest (it does not), it must still be struck down because it is far more extensive than necessary to achieve that interest.

Again, while California purports to target firearm-related speech to minors, AB 2571 restricts communications that are equally attractive to adults who have a right to

learn about such products to make informed decisions for both themselves and their children. As the bill's legislative history confirms, "*the prohibition on marketing of firearms that are 'attractive to children' applies whether the media is directed to children or a general audience. In other words, it applies to all marketing, regardless of the target audience*." 3-ER-462 (emphasis added). AB 2571 thus impinges on the interest of "firearm industry members" to convey "truthful information about their products to adults," and adults' "corresponding interest in receiving truthful information about [firearm-related] products" to make informed decisions for both themselves and their children. *Lorillard*, 533 U.S. at 564. It is also "seriously overinclusive because it abridges the First Amendment rights of young people whose parents … think [the shooting sports] are a harmless [even beneficial] pastime." *Brown v. Ent. Merchants Ass'n*, 564 U.S. 786, 805 (2011).

Remarkably, California candidly concedes that its marketing ban may be overinclusive in some cases. Pet.15. But it argues that the law should be upheld because—even if the targeted speech is not misleading and concerns lawful activities, and even if the law might not materially advance California's interests—*the law is good enough for government work*. Pet.15. The petition argues that courts should "leave it to government decisionmakers to judge what manner of regulation may best be employed." Pet.15. For support, the State cites *Board of Trustees of State University of New York v. Fox*, 492 U.S. 469, 480 (1989). But that case dealt with regulation of the *venue* (student housing) for commercial speech—not with the *content or viewpoint* of the speech itself. It does not stand for the broad proposition the State advances.

Once again, California cites only one case not cited in their original appellate brief, and it uses that case to make the same point it made when citing *Coyote Publishing*—a case that the panel decision already distinguished. Pet.15-18 (discussing *Wash. Mercantile Ass'n v. Williams*, 733 F.2d 687 (9th Cir. 1984)). So again, the State merely repeats the same arguments it made to (and were rejected by) the panel. California should be admonished that mere disagreement with the panel's decision is not the standard for granting en banc review. *See Landell v. Sorrell*, 406 F.3d 159, 165-66 (2d Cir. 2005). Because the State's petition makes no new arguments, Appellants once again confess the panel decision itself is the best rebuttal to the petition's unsubstantiated assertion that the panel's decision conflicts with the *Central Hudson*'s test for whether AB 2571 is narrowly tailored to serve the State's purported interests.

## II. EN BANC REVIEW IS NOT NECESSARY TO ADDRESS A QUESTION OF "EXCEPTIONAL IMPORTANCE"

"'[M]ere substantive disagreement with a panel decision is not, under [Rule 35], sufficient reason for an en banc rehearing. If we do not follow the clear spirit of the Rule, we will become mired in endless internal review.' [Citations omitted]. The issue for us, then, is whether to grant a rehearing en banc because 'the proceeding involves a question of exceptional importance.'" *See Landell*, 406 F.3d at 165-66 (Sack & Katzmann, Js., concurring in the denial of rehearing en banc)(quoting *Baker v. Pataki*, 85 F.3d 919 (2d Cir. 1996)). To be sure, the question of whether the government may ban truthful speech about lawful—constitutionally protected—conduct *by* adults *for* adults is exceptionally important. What is less clear is whether the panel's decision is itself, at this stage, "exceptionally important." *See id.* at 166. This appeal concerns the

11

denial of a motion for preliminary injunction. Once the district court issues its final judgment, the losing party will likely appeal, giving this Court an opportunity to review the constitutionality of California's firearm-marketing ban on a full record and under a de novo standard of review.

The State's attempt to invoke Rule 35(b)(1)(B)'s "exceptional importance" qualification is specious. The bait is the evidence-free claim is that the panel's decision is of "exceptional importance" because it "jeopardizes California's ability to protect its residents, especially minors, from the *scourge* of gun violence. More generally, it risks undercutting the ability of the government to effectively regulate the advertising and marketing of inherently dangerous products to children." Pet.2. The switch occurs when the rest of petition argues that California should not have to produce evidence of this "scourge" of minors obtaining firearms through illegal sales and using them to commit violence. California, apparently with a straight face, argues there is a problem of violence caused by minors illegally buying guns after exposure to marketing about legal firearms—but only if that information is distributed by "firearm industry members."

California makes this argument while simultaneously—and almost petulantly—claiming it has no duty to produce any evidence that this "scourge" exists. It claims it needs "leeway to combat the real and pervasive violence that affects the lives of Californians." Pet.18-19. But "real and pervasive violence" caused by gun sales to minors, which is in turn apparently caused by "firearm industry members" when they provide truthful information about lawful activities, should be easy to prove. So why

is California asking to be exempt from so ordinary a task? The best inference for why they don't produce such evidence is that none exists.

Selling firearms to minors is already a crime under state and federal law. *See* U.S.C. §§ 922(b)(1); Cal. Penal Code §§ 27505, 27510, 27590. And all commercial firearm transactions must take place through a federally licensed firearm dealer at either the dealer's principal place of business or at a highly regulated gun show. Cal. Penal Code §§ 28050, 28700-28715. Since it is already illegal to sell firearms to minors, and all commercial transactions in California are limited to licensed firearm dealers who risk prison to make such sales, it is hard to see what interest California has in censoring product information of any kind for this phantom menace.

Finally, *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447 (1978), the last case cited in the petition that was not already cited in the State's Answering Brief, fails to show why en banc review is warranted. Pet.19. First, *Ohralik* concerned a lawyer's "speech" (soliciting a contingency agreement from an 18-year-old woman while she lay in a hospital bed) that might not even pass *Central Hudson*'s threshold requirement that the regulated speech be lawful and not misleading. 436 U.S. at 449-50. The case was also decided before *Central Hudson*, which means it also predates *Sorrell*. So it is doubtful that *Ohralik* can help clarify how (or if) the panel's opinion conflicts with *Central Hudson* in a way that raises questions of "exceptional importance."

## CONCLUSION

California cannot hide the fact that AB 2571 is a law with justifications so attenuated it cannot withstand intermediate scrutiny. Nor can it explain the lack of evidence of a "scourge" of minors buying guns in the state, or that this phantom

problem can be addressed only by egregious viewpoint discrimination. This absence of evidence, along with poor means-ends mechanisms to address this imagined problem offends the First Amendment, even under intermediate scrutiny. That is what the panel held, and that decision should not be disturbed.

Granting the State's petition would violate the spirit and text of Rule 35, and it would depart from the rule that "mere disagreement" with a panel decision is not grounds for granting en banc review. Justice Thomas has already criticized the Ninth Circuit's departure from ordinary principles of appellate review when it failed to accept a district court's findings of "historical" facts. *Silvester v. Becerra*, 138 S. Ct. 945, 950 (2018)(dissent from denial of certiorari). Even members of this Court have felt compelled to point out the Ninth Circuit's peculiar habit of singling out cases that take head-on or brush up against the Second Amendment. *See, e.g.*, *Silveira v. Lockyer*, 328 F.3d 567, 568 (9th Cir. 2003)(dissenting from denial of rehearing en banc); *Duncan v. Bonta*, 2023 U.S. App. LEXIS 25723, *3 (9th Cir. 2023)(dissenting from order granting administrative stay). This Court has a window of opportunity to remediate

/ / /

/ / /

/ / /

/ / /

14

the innuendoes about its peculiar approach to firearm cases by denying the petition for en banc review in this First Amendment case. It should seize that opportunity.

Dated: December 22, 2023

Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.*

Date: December 22, 2023

**LAW OFFICES OF DONALD KILMER, APC.**

s/ Donald Kilmer
Donald Kilmer
*Attorney for Plaintiff-Appellant Second Amendment Foundation*

15

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-56090

I am the attorney or self-represented party.

**This brief contains** | 3,916 | **words,** including | | words

manually counted in any visual images, and excluding the items exempted by

FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◯ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◉ complies with the length limit designated by court order dated | 12/05/2023 |.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Anna M. Barvir | **Date** | 12/22/2023

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8** | *Rev. 12/01/22*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023, an electronic PDF of APPELLANTS' RESPONSE TO APPELLEE'S PETITION FOR REHEARING EN BANC (Fed. R. App. 35) was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated: December 22, 2023     Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*